# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:13-CR-11-TLS |
| | ) | |
| RONALD C. BODLEY | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's pro se Motion to Modify Term of Imprisonment [ECF No. 88], and Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [ECF No. 89], filed by counsel. The Government filed a Response in Opposition [ECF No. 90], arguing that the Defendant is not eligible for relief under 18 U.S.C. § 3582(c)(2). For the reasons set forth herein, the Court finds that the Government's position is correct, and therefore denies the Defendant's request for a sentence reduction.

## BACKGROUND

On September 27, 2013, the Defendant pled guilty to a single count Indictment, charging him with Possession with Intent to Distribute a Schedule II Controlled Substance, 500 Grams or More of Cocaine, in violation of 21 U.S.C. § 841(a)(1). The Defendant entered his guilty plea pursuant to a plea agreement in which the Government agreed to recommend the minimum of the applicable guideline range.

On January 16, 2014, this Court sentenced the Defendant to a term of 46 months of imprisonment. In determining the sentence to impose, the Court first calculated the appropriate Guideline range. The Court found the Defendant to be responsible for 558.1183 kilograms of marijuana equivalent, comprised of the following conversions: 1.8083 kilograms of marijuana;

2.5 kilograms of cocaine; and 15.77 grams of cocaine base crack. Applying the base offense level found in U.S.S.G. § 2D1.1, as modified by U.S.S.G. § 5C1.2 (safety valve), enhancing the offense level for maintaining a drug involved premises, and reducing it for acceptance of responsibility, the Court found that the Defendant's offense level was 25. Combined with a criminal history category of I, the resulting range of imprisonment under the Guidelines was 57 to 71 months. Because the Defendant met the criteria set forth in 18 U.S.C. § 3553(f)(1)–(5), he was entitled to relief from the statutory minimum sentence of 60 months.

After a careful review of the PSR, consideration of all of the evidence, and reflection upon the parties' arguments, the Court determined that a sentence of 46 months was sufficient, but not greater than necessary, to comply with the purposes of punishment. The Court noted that the Defendant's offense was serious, involving large amounts of drugs being distributed within the community over a sustained period of time. Therefore, the sentence had to reflect the seriousness of the offense and promote respect for the law. On the other hand, the Court believed that the Defendant presented a low risk of recidivism. Although the Defendant's criminal activity was not hampered by his severe medical condition, as noted by the Government, the Court found that the Defendant's diabetes and kidney-related conditions would only deteriorate, leaving him less likely to continue trafficking drugs. In addition, the Defendant's lack of criminal history, the absence of guns, his work and educational history, and his stable relationships, all suggested that he was a person who was capable of leading a law-abiding life. The Court's consideration of these § 3553(a) factors led it to impose a sentence that was below the advisory Guideline range.

The Defendant has moved to modify his term of imprisonment under Amendment 782, which retroactively reduces the United States Sentencing Guidelines, as related to drug

trafficking offenses, by two levels.

## DISCUSSION

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). An exception exists

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) (noting that a court may reduce a sentence under § 3582(c)(2) "if (1) the original sentence was 'based on' a subsequently lowered sentencing range and (2) the reduction is consistent with the policy statements issued by the Commission").

The applicable policy statement is U.S.S.G. § 1B1.10. It provides a clear prohibition against reducing "the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range" that "would have been applicable to the defendant if the amendment . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1) & (b)(2)(A). The only exception to this prohibition is if the defendant previously received a term of imprisonment that was less than the applicable Guideline range pursuant to a government motion for substantial assistance. *Id.* at (b)(2)(B); *see also United States v. Nichols*, 789 F.3d 795, 796 (7th Cir. 2015) (noting that "a court normally does not have discretion in a proceeding under § 3582 to impose a sentence

below the amended guidelines range, *see id.* § 1B1.10(b)(2)(A), but that, as an "exception to that rule," a "court is authorized to give a comparable, below-guidelines reduction if the offender previously received a below-guidelines sentence because of substantial assistance. *Id.* § 1B1.10(b)(2)(B)"); *Freeman v. United States*, 131 S. Ct. 2685, 2693 (2011) ("below-Guidelines modifications in § 3582(c)(2) proceedings are forbidden, USSG § 1B1.10(b)(2)(A), except where the original sentence was itself a downward departure. § 1B1.10(b)(2)(B)").

Under the current United States Sentencing Guidelines, the Defendant's Criminal History Category is I and his offense level is 23, resulting in a sentencing range of 46 to 57 months. The Defendant's original sentencing was governed by 18 U.S.C. § 3553(a), which allowed the Court to sentence the Defendant outside the advisory Guideline range. The Defendant's reduction request is governed by § 3582(c)(2). For this request, the court is required "to honor § 1B1.10(b)(2)'s instruction not to depart from the amended Guidelines range." *Dillon v. United States*, 560 U.S. 817, 830 (2010) (holding that because *Booker* does not apply to § 3582 proceedings, the restrictions that § 1B1.10 places on a sentence modification are mandatory rather than advisory). Because the Defendant's original below-Guideline sentence was not based on a Government motion for substantial assistance, the Court is without authority to impose a sentence below the low end of the amended Guideline range of 46 to 57 months. As the Defendant was already sentenced to 46 months, there is no relief available to him under § 3582(c)(2) and Amendment 782.[1]

---

[1] Even if the Court were authorized to further reduce the Defendant's sentence, it would exercise its discretion to impose a sentence of 46 months. The Court is not aware of any significant events that have occurred since January 2014 that would warrant a sentence below 46 months. The same sentencing factors that supported a sentence of 46 months in January 2014, support that sentence now. While there are some mitigating characteristics of the Defendant, the Court has already taken those into account, and the seriousness of the Defendant's offense leads the Court to conclude that 46 months is necessary to

**CONCLUSION**

For the reasons stated above, the Motion to Modify Term of Imprisonment [ECF No. 88], and Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [ECF No. 89] are DENIED.

SO ORDERED on September 24, 2015.

                                                s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT
                                                FORT WAYNE DIVISION

---

meet the purposes of punishment.